# Order

**Michigan Supreme Court**
**Lansing, Michigan**

November 18, 2005

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

127958
(23)

PEOPLE OF THE STATE OF MICHIGAN,
       Plaintiff-Appellee,

v

                                      SC: 127958
                                        COA: 258229
                                        Genesee CC: 80-029788-FC

JOSEPH ART JOHNSON,
       Defendant-Appellant.

_____/

On order of the Court, the motion for reconsideration of this Court's order of May 31, 2005 is considered, and it is DENIED, because it does not appear that the order was entered erroneously.

KELLY and MARKMAN, JJ., would grant reconsideration and, on reconsideration, would grant leave to appeal.

CAVANAGH, J., dissents and states as follows:

I dissent from the denial of leave. I would grant to explore what relief could be afforded this defendant.

In 1981, defendant and a codefendant, both 19 years of age at the time, used a pellet gun-air rifle to rob a 14-year-old ice cream bicycle vendor of several dollars. Defendant held and brandished the air rifle while his codefendant actually took the money. They both entered guilty pleas to assault with intent to rob while armed. Codefendant received a sentence of 6 months in the county jail with work release. Defendant was sentenced to life in prison.

In 1983, this Court remanded this matter to the trial court and directed the sentencing judge to explain the reason for the great disparity in the two sentences. The trial court explained that this defendant had a more extensive, assaultive juvenile record

and the public needed him removed from the streets for a number of years.  It can be inferred from the trial court's statements that the pre-Proposal B practice of parole eligibility after 10 years of a life sentence would provide defendant with review.

Now, 24 years after sentence, defendant again seeks relief from this Court.  I would grant leave to explore what relief might be possible.  Short of that, I would order the Department of Corrections to show cause as to why this defendant remains incarcerated.



I,  Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 18, 2005

Corbin R. Davis
_____
Clerk